[No. 3836.]

LIGGETT v. BATES.

1. ELECTIONS—VALIDITY OF CERTIFICATES OF NOMINATION—JURIS-
DICTION—REVIEW BY SUPREME COURT.

In order to invoke the appellate jurisdiction of the supreme court under Sess. Laws, 1897, page 154, in the exercise of its discretion to review the proceedings of the lower court determining the validity of objections to certificates of nomination, a certified copy of the record and judgment of the trial court, or the material parts thereof, sufficient to present the questions relied upon, with a brief petition stating the nature of the controversy, the points at issue, and the errors relied upon, should be filed in the supreme court. A motion should then be made, based upon this petition, asking the court to exercise its appellate jurisdiction, specifying time and place of hearing of the application, and notice of the motion should be served upon the opposing party.

2. REVIEW.

The act does not contemplate a review in supreme court of the same character as that provided for in county or district court. Review in supreme court is to be upon the record as made in the lower court.

3. DECISION OF LOWER COURT FINAL—EXCEPTIONS.

Since the statute makes the decision of the trial court final, it should not be disturbed except for strong reasons. If the trial court acts without jurisdiction, or in excess thereof, or acts arbitrarily, or grossly abuses its discretion, the supreme court should interfere.

4. POLITICAL CONVENTION—LEGALITY.

A political party convention met pursuant to call. The chairman of the county central committee called the convention to order. Nominations for temporary chairman were made, and their names placed before the delegates by the chairman. Confusion arose and the chairman refused to allow a vote upon temporary chairman, but entertained a motion to adjourn to another place and upon *viva*

*voce* vote declared the motion to adjourn carried. A division was called for and refused by the chairman. The chairman, secretary, and part of the delegates immediately left the hall and afterwards assembled at another place. A majority of the delegates remained and proceeded to organize the convention and nominate a ticket. *Held,* under the facts that the adjournment was unauthorized, and the majority of the delegates remaining constituted the legal convention of the party, and its nominees were entitled to be certified upon the official ballot as the nominees of the party.

*Review from the District Court of El Paso County.*

Mr. VICTOR A. ELLIOTT and Mr. HENRY TROWBRIDGE, for petitioner.

Mr. W. L. HARTMAN and Messrs. ADY & KINGSLEY, for respondent.

PER CURIAM. This case is brought here from the district court of El Paso county, and presents a controversy respecting the right to the name and emblem of the Silver Republican party of that county. The record is a voluminous one, containing much written and oral testimony. Indeed, the district court permitted both of the parties a wide latitude in presenting their case, apparently upon the theory that it desired all the information that might possibly throw any light upon the controverted issues, even though much of the matter submitted was plainly inadmissible under the established rules of evidence.

Though the record is so voluminous, the issue upon which the decision turned below and must turn here is single, and not at all complicated; and our labors in the examination of the record have been materially lightened by the industry and assistance of counsel. ·

In the case of *Leighton et al. v. Bates, ante,* p. 303, decided in this term, we have indicated the proper practice for invoking appellate jurisdiction in cases of this character. In view, however, of the claim made by counsel for the petitioners here, we deem it fitting more fully to indicate the extent

and nature of the review of these controversies in this court. In order to invoke our jurisdiction to entertain such review, the party objecting to the judgment below should bring up and file in this court a certified copy of the record and judgment of the trial court, or such portions thereof as are material for the presentation of the questions upon which he relies. He should then file a brief petition in this court stating the nature of the controversy and the points at issue, and the errors upon which he relies for a reversal. A motion should then be made, based upon this petition, asking this court to exercise its appellate jurisdiction, and specifying a time and place where the application should be heard, and notice of the motion should be served upon the opposing party. If upon the hearing the court decides that its appellate jurisdiction is properly invoked, a review will then be had.

The act does not, as counsel assert, contemplate a review in this court of the same character as that which is provided for in the county or district court; but it is to be had upon the record as made in the lower court, and not as a cause originating here, or upon testimony produced for the first time in this court. The extent of the review must be determined from time to time upon the facts of the particular case. In general, however, we may say, since the statute makes the decision of the trial court final, that decision should not be disturbed except for strong and persuasive reasons. If the trial court acts without jurisdiction, or in excess thereof, or acts arbitrarily, or grossly abuses its discretion, this court should interfere.

Heretofore it is true that this court has exercised original jurisdiction in a controversy of this character, but the authority therefor is not found in the statute as it now stands, but was the exercise of a jurisdiction conferred by the constitution upon this court, and was assumed previous to the amendment of the statute under which we are now acting.

The rights of the real parties in interest depend upon which of the two rival conventions, under which they respec-

tively claim, was, in fact and in law, the regular and legally organized convention of the party, and which one contained the majority of the delegates legally elected to the original or parent convention under the party call from which both derive their authority.

All of the conditions precedent to a valid convention were complied with, and the delegates thereto assembled according to the call, at the Butte Opera House in Cripple Creek at ten o'clock on the morning of the 21st of September. The chairman of the county central committee called the convention to order. It at once appeared that there were two factions present. A dispute occurred over the reading of the call by the secretary, one faction insisting that the call should be read as published in the newspapers, while the chairman and secretary insisted that it should be read from the minutes as they appeared in the books of the committee. This, in itself, is unimportant, and becomes important, if at all, only as bearing upon the subsequent proceedings.

There is a conflict in the testimony as to some things that subsequently occurred and up to the time of the so-called bolt, but it is conceded by both sides that the chairman stated that nominations for temporary chairman of the convention were in order. Thereupon two persons were duly nominated for that office, and their names were placed by the chairman before the delegates. At this point confusion and disorder arose. The evidence is conflicting as to the extent and volume thereof, and as to which faction was responsible therefor. Be that as it may, it is again conceded by both parties that the chairman of the committee, while these nominations were pending, and without allowing a vote thereupon, which was demanded, entertained a motion to adjourn the convention to the mining exchange hall in the same city until two o'clock of the same day. A *viva voce* vote upon this motion was taken, and by the chairman declared carried. At once upon this announcement a division was called for, which the chairman refused to allow, and, together with the secretary and some of the delegates, left

the opera house, and at 2 P. M., at the mining exchange hall, convened another convention known from the name of its chairman as the Howard convention, which nominated a ticket represented here by the petitioners.

A portion of the delegates remained in the opera house, and one of them at once took the vote of the delegates there remaining upon the temporary chairmanship, and the organization of the convention—known as the Hickman convention, he being elected as chairman, was then completed, and in due time a ticket was nominated in favor of whose regularity the county clerk, as well as the district court, decided.

There is a grave question concerning the nature and extent of the power possessed by the chairman of a committee which calls a convention, respecting its organization, but it is not material in this case; for the district court, upon the mass of conflicting testimony, made findings of fact which, upon examination of the record, we find to be sustained by the evidence, that, under the facts, the adjournment of the convention was not authorized, and that the delegates remaining in the Butte Opera House constituted a majority of the legally elected delegates under the call, and constituted a legally convened convention. As a conclusion of law therefrom the court found that the nominees of this latter convention were the nominees and candidates of the Silver Republican party of that county, and, as such, entitled to be certified upon the official ballot. These findings, having support in the record, cannot, under the rule of this court which has been so often announced, be set aside.

The judgment of the lower court, therefore, is affirmed, with costs against the petitioners.

*Affirmed.*

Chief Justice Hayt not sitting.